UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARRETT REEVES,<br><br>        Plaintiff,<br><br>    v.<br><br>NIANTIC, INC.,<br><br>        Defendant. | Case No. 21-cv-05883-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 28, 29 |

       The motion to dismiss is granted in part and denied in part. The request for judicial notice is denied as moot because the Court did not consider any of the attached documents.

       1. Reeves has stated a UCL claim for unlawful and unfair practices. *See I.B. ex rel. Fife v. Facebook, Inc.*, 905 F. Supp. 2d 989, 1010–11 (N.D. Cal. 2012) (discussing unfair business practices). In California, a person may disaffirm a contract made while they were a minor at any time before they reach the age of majority (18) or "within a reasonable time afterwards." Cal. Fam. Code § 6710. Reeves plausibly alleges that Niantic has violated this statute. Shortly after his 18th birthday, Reeves filed this lawsuit against Niantic, disaffirming several purchases of PokeCoins he made before he turned 18. But according to the complaint, Niantic has not refunded his purchases.

       Reeves has not, however, stated a UCL claim based in fraud because (perhaps among other things) he has not adequately alleged how he relied on any false or misleading statements or fraudulent omissions.[1] The complaint alleges that Reeves was not aware of Niantic's non-

---

[1] The parties disagree about whether Rule 9(b) or the standard Rule 8 pleading standard applies to these claims. Reeves cannot satisfy even the lower standard.

refundability policy until after he made the in-app purchases at issue. So he could not have relied on that allegedly misleading statement in Niantic's terms of service at the time of the purchase. As for any allegation that Reeves relied on the omission of a non-refundability policy to complete his in-app purchases for virtual currency, his complaint indicates that he would not have relied on such a representation had it been present. Dkt. No. 27, ¶ 34 (Plaintiff is not a "buyer[] who would look for refund policy options at the time of purchase"). Reeves has also not alleged that he relied on a misrepresentation or omission relating to his ability to disaffirm his contracts with Niantic when he turned 18.

2. Reeves has stated a claim for declaratory judgment regarding his right to disaffirm the contracts he made with Niantic while he was a minor. *See* Cal. Fam. Code § 6710. There is an actual case or controversy between the parties as to whether Reeves and other minors may disaffirm contracts and receive a refund for purchases made before they turned eighteen. The fact that Reeves has reached adulthood—and therefore will not have a similar right of disaffirmance for any future contract with Niantic—is of no consequence. Declaratory relief claims, unlike claims for injunctive relief, need not anticipate a future, imminent harm. *See I.B.*, 905 F. Supp. 2d at 1005–06. Nor must the claim be dismissed because Reeves did not request a refund directly from Niantic before filing this lawsuit. *See Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024, 1036 (N.D. Cal. 2020). Finally, the fact that Niantic does not directly control the issuance of refunds for purchases made on its app does not relieve it of liability to the extent it retains money that Reeves is entitled to recover. *Cf. C.W. v. Epic Games, Inc.*, 2020 WL 5257572, at *1 (N.D. Cal. Sept. 3, 2020). Of course, a declaratory judgment would presumably be unnecessary if Reeves were to prevail on his other claims, but that does not bar Reeves from asserting this claim at the outset. *See I.B.*, 905 F. Supp. 2d at 1005–06.

3. Reeves has not stated a claim under the CLRA. That statute covers transactions involving the sale or lease of "goods" or "services." Cal. Civ. Code § 1770(a). Reeves does not allege that the PokeCoins he purchased in the Pokemon virtual world were "goods" within the meaning of the statute. Nor could he. The CLRA defines "goods" as "tangible chattels,"

including "certificates" or "coupons" that are exchangeable for tangible chattels. *Id.* § 1761(a). PokeCoins are not tangible, nor are they certificates that can be exchanged for something tangible. When a consumer buys PokeCoins in the Pokemon virtual world, they are acquiring a certificate that merely allows them to buy virtual goods within that virtual world.

Instead, Reeves argues that he purchased "services" through the app. The CLRA defines "services" as "work, labor, and services for other than a commercial or business use, including services furnished in connection with the sale or repair of goods." *Id.* § 1761(b). When a consumer purchases a virtual certificate to exchange for virtual goods in a virtual world, they are not buying anything that resembles a "service" as the statute defines that term. They are buying a "good," albeit an intangible one that is not covered by the statute.

Perhaps the California Legislature should amend the CLRA to remove the word "tangible" from the definition of "goods" so the statute will cover the burgeoning number of transactions in intangible goods. But until that happens, courts should not shoehorn transactions involving the purchase of intangible goods into the definition of "services." So, with respect to the scope of "services" in the CLRA, the Court agrees with *I.B.*, 905 F. Supp. 2d at 1007–08, and *Coffee v. Google, LLC*, 2021 WL 493387, at *11 (N.D. Cal. 2021), and disagrees with *Doe v. Roblox Corp.*, 2022 WL 1459568, at *11–12 (N.D. Cal. May 9, 2022), and *C.W.*, 2020 WL 5257572, at *4.

4. Reeves has failed to state a claim for restitution or unjust enrichment. Setting aside whether those are standalone claims under California law, Reeves has not even attempted to allege that equitable relief is warranted because he lacks an adequate remedy at law. *See Sonner v. Premier Nutrition Corporation*, 971 F.3d 834, 844 (9th Cir. 2020); *Cepelak v. HP Inc.*, 2021 WL 5298022, at *2–3 (N.D. Cal. Nov. 15, 2021).

5. Reeves has failed to state a claim for negligent misrepresentation for the same reason he does not state a UCL claim based on fraud.

\* \* \*

The CLRA claim is dismissed without leave to amend, as further amendment would be

futile. Reeves is given leave to amend the other claims dismissed by this order. If Reeves wishes to file an amended complaint to attempt to reassert those claims, he must do so within 21 days. Alternatively, if Reeves does not have enough information to reassert those claims in good faith at this stage, and if discovery on the claims that survive reveals evidence to support the dismissed claims, Reeves may file a motion to amend at that time.

**IT IS SO ORDERED.**

Dated: May 31, 2022

_____
VINCE CHHABRIA
United States District Judge